# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | | |
|---|---|---|
| WILLIAM H. LANNING, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 4:11CV617 JCH |
| | ) | |
| AVALON GARDENS | ) | |
| NURSING HOME, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM AND ORDER

This matter is before the Court upon the motion of William Lanning for leave to commence this action without prepayment of the filing fee pursuant to 28 U.S.C. § 1915. Upon consideration of the financial information provided with the motion, the Court finds that plaintiff is financially unable to pay any portion of the filing fee. As a result, plaintiff will be granted leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915. Additionally, the Court has reviewed the complaint and will dismiss it pursuant to 28 U.S.C. § 1915(e)(2)(B).

### 28 U.S.C. § 1915(e)

Pursuant to 28 U.S.C. § 1915(e)(2)(B), the Court must dismiss a complaint filed in forma pauperis if the action is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from

such relief. An action is frivolous if it "lacks an arguable basis in either law or fact." Neitzke v. Williams, 490 U.S. 319, 328 (1989); Denton v. Hernandez, 504 U.S. 25, 31 (1992). An action is malicious if it is undertaken for the purpose of harassing the named defendants and not for the purpose of vindicating a cognizable right. Spencer v. Rhodes, 656 F. Supp. 458, 461-63 (E.D.N.C. 1987), aff'd 826 F.2d 1059 (4th Cir. 1987). A complaint fails to state a claim if it does not plead "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007).

**The Complaint**

Plaintiff brings this action under 42 U.S.C. §§ 1985(3) & 1986 alleging that defendants conspired to deprive him of benefits under the "spousal impoverishment" provisions of the Medicaid Act, 42 U.S.C. § 1396r-5.

Plaintiff alleges that his wife, Effie Grisham, was sent to live in a nursing home in 2009. Plaintiff claims that he and his son-in-law, defendant Mark Grisham, dispute who owns the house, Mark Grisham claiming to have a larger share than plaintiff. After his wife was taken to the nursing home, plaintiff says, Mark Grisham evicted him from the home and changed the locks.

Shortly thereafter, claims plaintiff, defendant Unnamed Social Worker and Catholic Charities assisted Effie Grisham in obtaining a divorce from plaintiff. Plaintiff

believes that the divorce is a sham because Effie Grisham has difficulty reading small print, and therefore, she probably was not aware of having signed divorce papers.

Plaintiff alleges that he cannot now obtain the benefits he believes he would be due under 42 U.S.C. § 1396r-5 if the divorce had not gone through. Plaintiff believes that each defendant conspired with the others to deprive him of these benefits.

## Discussion

To state a claim under § 1985(3), a plaintiff must establish that (1) he is a member of a class suffering from invidious discrimination, and (2) defendants' actions were motivated by racial animus or some other type of class-based discrimination. United Bhd. of Carpenters, Local 610 v. Scott, 463 U.S. 825, 834-39 (1983); Griffin v. Breckenridge, 403 U.S. 88, 102 (1971) (plaintiff must allege these two elements to state § 1985(3) claim). Nothing in the complaint indicates that plaintiff is a member of a protected class or that defendants were motivated by purposeful, class-based discrimination. As a result, plaintiff's § 1985(3) claim will be dismissed as legally frivolous.

Because a § 1986 action is dependent upon the existence of a § 1985 claim, plaintiff's § 1986 claim is also frivolous. See McIntosh v. Arkansas Republican Party-Frank White Election Committee, 766 F.2d 337, 340 (8th Cir. 1985).

Furthermore, the Court finds that diversity jurisdiction does not exist because the amount in controversy is $25,001. See 28 U.S.C. § 1332(a).

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion to proceed in forma pauperis [Doc. #2] is **GRANTED**.

**IT IS FURTHER ORDERED** that this action is **DISMISSED** without prejudice.

**IT IS HEREBY CERTIFIED** that an appeal from this dismissal would not be taken in good faith.

Dated this 14th day of April, 2011.

/s/ Jean C. Hamilton
JEAN C. HAMILTON
UNITED STATES DISTRICT JUDGE